UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

GERALD WALKER

      Plaintiff,

CITY OF NEW YORK, P.O. DE LA SANTOS,
JOHN AND JANE DOE ## 1-7,

      Defendants.

---------------------------------------------------------X

**COMPLAINT**

500121/2009

DEARIE, J.

J. ORENSTEIN

Plaintiff, through his attorney, alleges upon personal knowledge and information and belief as follows:

## NATURE OF THIS ACTION

1.      This action is brought by Plaintiff to recover damages for defendants' conduct in violating his civil rights and inflicting intentional physical injuries upon him.

## THE PARTIES

2.      The Plaintiff is a resident of Kings County.

3.      Defendant City of New York is a municipality organized under the laws of the State of New York.

4.      The John and Jane Does are employees of the NYPD

## JURISDICTION AND VENUE

5.      Venue is properly placed in this county in that the acts and omissions complained of occurred here. Jurisdiction is proper insofar as there is a federal question under 42 U.S.C. § 1983.

1

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

6.    On or about March 21, 2012, plaintiff was at 823 Madison Street 2nd Floor Between Ralph Avenue and Howard Avenue in Brooklyn. He was obeying all laws, and playing a game with friends.

7.    All of a sudden they heard a loud banging on the door and learned it was the police There was no warrant – at least not that they showed, despite being requested.

8.    The officers kept kicking the door. One of the friends looked out of the window and reported more police. The officers outside the door said that a 13 year olf boy was being raped; then they said it was a 14 year old girl.

9.    "Make up your mind," plaintiff said, everyone laughing. The officers had no warrant but got a "tip," from an anonymous source that a gun was on the premises – a lie.

10.   Somehow, the officers opened up door, and walked in with their guns out.

11.   The officers were looking in rooms and took one by one of the people in the apartment into the backroom to coerce them into admitting there was a gun on the premises. "We know there is a gun inside here," they said. "Tell us where gun is and you can walk down the stairs. " There was no gun, and the reason the police were doing this is that they didn't have a warrant to trash the place as they are wont to do.

12.   Then the police, for no legal reason, took everybody outside.

13.   For reasons unclear, the arrested plaintiff accused him of assault, obstruction, and possession of firearm. There was no fiream recovered though, funny thing.

14.   Plaintiff was in jail for 2 days during this time he had to go to the hospital because of a heart condition. The officers tried to convince him not to. He was refused his medication.

15. When he left the hospital, however, the doctor said that if he had been kept away from medical care much longer he might have died. He was stillr effused his medication.

16. Plaintiff went to Court three times and the case was finally dismissed and sealed. Plaintiff waited it out and refused to accept an ACD. The DA's office dismissed it on their own motion because it knew there had been a bad arrest.

## FIRST CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT UNDER 42 U.S.C. § 1983

17. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. The Jane and John Doe actors were acting under the color of state law.

19. By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

20. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

21. Defendants made malicious charge of theft against an employee for which they had not an ounce of probable cause.

22. The Jane and John Does were acting under color of state law

23. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## THIRD CAUSE OF ACTION
## ILLEGAL STOP UNDER 42 U.S.C. § 1983

24. Plaintiff repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. Defendants had no probable cause to stop and inquire of plaintiff.

26. Defendant acted under color of state law.

27.     As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. and has been damaged.

## FOURTH CAUSE OF ACTION
### FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED AGAINST THE CITY OF NEW YORK UNDER AND COGNIZABLE UNDER MONNELL AND 42 U.S.C. § 1983

35.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

36.     At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

37.     Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from excessive use of force and stops without probable cause in so called "drug zones," which are any predominantly minority neighborhood in the city;

38.     The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission

of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

34.     As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

## FIFTH CAUSE OF ACTION
## FAILURE TO INTERCEDE AND PREVENT THE VIOLATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. § 1983

35.     Plaintiff repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

36.     While plaintiff' rights were being violated, each co-defendant did nothing to prevent these violations of plaintiff's rights.

37.     The co-defendants had an opportunity to intercede on behalf of plaintiff and prevent the use of excessive force and unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendment.

38.     Defendants acted under color of state law.

39.     As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. and has been damaged.

## SIXTH CAUSE OF ACTION
## INDIFFERENCE TO MEDICAL NEEDS
## 42 U.S.C. § 1983

40.     Plaintiff repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

50.     Plaintiff was repeatedly refused his beta blockers, which he needed for his heart condition; and the failure to provide them risked his life.

60.     Defendants acted under color of state law.

70.     As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. and has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

A.      Compensatory damages in excess of the jurisdictional amount of this court;

B.      Punitive damages to be determined by the trier of fact;

C.      Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

D.      Such other relief as the Court may deem just and proper.

Dated: New York, New York
       July 21, 2012

/s/
_____
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff

6